Eli A. Fuchsberg, Esq.
THE JACOB D. FUCHSBERG LAW FIRM, LLP
3 Park Avenue, Suite 3700
New York, NY 10016
(212) 869-3500
e.fuchsberg@fuchsberg.com
*Attorneys for the Plaintiffs*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ISAIAH LEE and KAYLA NICOLE LEE, as the
Administrators of the Estate of SCHERROD LEE, and
ISAIAH LEE and KAYLA NICOLE LEE, Individually,

                                    Plaintiffs,

            -against-


UNITED STATES OF AMERICA,

                                    Defendant.
----------------------------------------------------------------------X

**CIVIL ACTION
NO.: 2:19-cv-6425**



**COMPLAINT**


ECF Action

Plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of

Scherrod Lee, Deceased, and Isaiah Lee and Kayla Nicole Lee, Individually, by their

attorneys, The Jacob D. Fuchsberg Law Firm, LLP, as and for their Verified Complaint,

allege as follows, upon information and belief:

### INTRODUCTION

1. This is an action against the defendant United States of America under the Federal

   Tort Claim Act, (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for

   negligence and professional malpractice in connection with the medical care

   provided to plaintiff decedent Scherrod Lee, a United States Veteran, by

   defendant United States of America.

2. The claims herein are brought against the defendants pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, *et seq.*) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by the defendant's negligence and professional malpractice.

3. Plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, Deceased, and Isaiah Lee and Kayla Lee Individually, has fully complied with the provision of 28 U.S.C. § 2675 of the Federal Tort Claims Act. Annexed hereto as **Exhibit 1** is a copy of the Standard Form 95.

4. Plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, Deceased, and Isaiah Lee and Kayla Lee Individually, are now timely filing this Complaint pursuant to 28 U.S.C. § 2675(a) and 28 U.S.C. § 2401(b) as it has been over six months since the U.S. Department of Veterans Affairs has acknowledged receipt of plaintiffs tort claim and is thereby deemed denied. Letter from the U.S. Department of Veteran Affairs dated May 6, 2019 annexed hereto as **Exhibit 2**.

## PARTIES, JURISDICTION AND VENUE

5. Letters of Limited Administration appointing plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, and authorizing said Administrators to, inter alia, commence and prosecute the instant action were issued to plaintiffs Isaiah Lee and Kayla Nicole Lee by the Honorable Michael Cipollino, Judge of the Suffolk County Surrogate's Court, State of New York on April 9, 2018. The Letters of Administration is annexed hereto as **Exhibit 3**.

6. At all pertinent times, the decedent plaintiff, Scherrod Lee, resided at 194 Riverside

2

Avenue, Majestic Beach, NY 11951.

7. Defendant United States of America though its agency United States Department of Health and Human Services, operates the Northport Veteran's Affairs (VA) Medical Center at the location of 79 Middleville Rd., Northport, NY 11738.

8. At all pertinent times, the United States of America  owned, operated, controlled, and managed a hospital and/or health care center, known as the Northport VA Medical Center, pursuant to the laws of the State of New York for the care of the sick, located at 79 Middleville Rd., Northport, NY 11738, which provided personnel, including doctors, nurses, radiologists, attendants and others for the care and treatment of its patients and which held itself out to the public as furnishing treatment facilities where patients, including plaintiff's decedent Scherrod Lee, could be treated for various ailments.

9. The defendant herein has done business in this State and/or have conducted and/or transacted business in this State, have committed one or more tortious acts within this State and/or have otherwise performed acts within and/or without this State giving rise to injuries and losses within this State, which acts subject each Defendant to the jurisdiction of this Court.

## GENERAL ALLEGATIONS OF MEDICAL MALPRACTICE

10. On August 13, 2017, Mr. Lee, a 40-year-old male, presented to the Northport VA Medical Center with right lower leg pain and concern for a deep vein thrombosis (DVT). An ultrasound of the bi-lateral extremities was performed and interpreted as showing no-evidence of deep venous thrombosis. However, in fact, the August 13, 2017 study was suggestive of a non-occlusive thrombus in the popliteal vein and

femoral/great saphenous vein junction, which failure to properly report was a departure from accepted medical practice. Further, despite Mr. Lee's symptomatology, and risk factors for a DVT (including age, history of DVT, recent trauma, obesity, and lower leg pain and swelling), no D-dimer test to rule out a DVT was ordered as indicated pursuant to accepted standards of medical practice. No anticoagulation or other treatment was provided, which was a departure from accepted medical practice. Mr. Lee was discharged on August 13, 2017 and not given an appointment for a repeat ultrasound until 14 days later, which was also a departure from accepted medical practice.

11. On the morning of August 22, 2017, Mr. Lee went to Brookhaven Memorial Hospital, located at 101 Hospital Rd., Patchogue, NY 11772, by way of emergency medical services, due to chest pain and subsequently was unconscious and in cardiac arrest. The patient was pronounced dead at 11:30 AM on August 22, 2017. Mr. Lee's injuries and death were proximately caused by the defendant's departures from accepted medical practice. A pulmonary embolism was presumed and confirmed by autopsy. Mr. Lee leaves behind two children, Kayla Nicole Lee and Isaiah Lee.

12. From on or about May 12, 2017 and prior and subsequent thereto, through August 22, 2017, and prior and subsequent thereto, plaintiff's decedent Scherrod Lee sought the professional care of defendant United States of America for certain medical complaints, including, but not limited to, a mass in the right thigh, lower extremity pain and swelling, trauma to his leg, and history of DVT and pulmonary embolism and the defendant United States of America, its agents, servants, and

4

employees rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent Scherrod Lee.

13. From on or about May 12, 2017, and prior and subsequent thereto, through August 22, 2017, and prior and subsequent thereto, plaintiff's decedent Scherrod Lee sought professional medical care from medical facilities owned, operated, and controlled by defendant United States of America including Brooklyn Veteran's Hospital, located at 800 Poly Pl, Brooklyn, NY 11209, Northport VA Medical Center located at 79 Middleville Rd., Northport, NY 11768, and James J. Peters VA Medical Center located at 130 W Kingsbridge Rd., Bronx, NY 10468, (together sometimes hereinafter "VA Medical Centers") with complaints including but not limited to a mass in the right thigh, lower extremity pain and swelling, trauma to his leg, and history of DVT and pulmonary embolism and the defendant United States of America, its agents, servants, and employees rendered medical, and radiological care, diagnosis, treatment and services to plaintiff's decedent Scherrod Lee.

14. The above medical, and radiological care, diagnosis, treatment and services were rendered carelessly, unskillfully, and negligently, by defendants United States of America, including by the VA Medical Centers, and not in accordance with accepted standards of medical and radiological care, diagnosis, treatment and services in the community as the standards existed in 2017 and prior and subsequent thereto.

15. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendant is jointly and severally liable pursuant to the

exceptions set forth in Article 16 of the CPLR.

16. Pursuant to CPLR Section 1602(2)(iv), Defendant is jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendant owed the plaintiff's decedent Scherrod Lee a non-delegable duty of care and/or by reason of the fact that said Defendant is vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, radiologists, nurses, and/or employees.

17. By reason of the above, the Defendant is jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendant acted with reckless disregard for the safety of others.

18. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff's decedent Scherrod Lee suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, pulmonary embolism, chest pain, shortness of breath, pain and swelling in the lower extremities, cardiac arrest, brain injury, and numerous other injuries including death.

19. By reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff realleges each and every allegation of the first cause of action.

21. Defendant United States of America, including through the VA Medical Centers, was negligent in hiring and supervising medical personnel who were careless, unskillful, negligent, and who did not possess the requisite knowledge and skill of medical professionals in the community.

22. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendant is jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

23. Pursuant to CPLR Section 1602(2)(iv), Defendant is jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendant owed the plaintiff's decedent Scherrod Lee a non-delegable duty of care and/or by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, radiologist, nurses, and/or employees.

24. By reason of the above, the Defendant is jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendant acted with reckless disregard for the safety of others.

25. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff's decedent Scherrod Lee suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, pulmonary

embolism, chest pain, shortness of breath, pain and swelling in the lower extremities, cardiac arrest, brain injury, and numerous other injuries including death.

26. By reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, deceased, brings this action for conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## AS AND FOR A THIRD CAUSE OF ACTION

27. Plaintiff realleges each and every allegation of the first and second causes of action.

28. Defendant United States of America, its agents, servants, employees, and/or contractors failed to inform the plaintiff's decedent Scherrod Lee and/or his representatives of the reasonably foreseeable risks and benefits of, and alternatives to, the treatment proposed and rendered, which would have been disclosed by a reasonable medical practitioner in similar circumstances, in consequence of which defendants failed to obtain an informed consent thereto.

29. A reasonably prudent person in the position of plaintiff's decedent Scherrod Lee and/or his representatives would not have undergone the treatment and diagnosis rendered herein if he had been fully informed.

30. A reasonably prudent person in the position of plaintiff's decedent Scherrod Lee and/or his representatives would have undergone different treatment than he underwent had he been fully informed.

31. The lack of informed consent alleged herein is a proximate cause of the injuries,

conditions and disabilities for which recovery is sought.

32. This action falls within one or more of the exceptions set forth in CPLR Section 1602, and as such the Defendant is jointly and severally liable pursuant to the exceptions set forth in Article 16 of the CPLR.

33. Pursuant to CPLR Section 1602(2)(iv), Defendant is jointly and severally liable for all of Plaintiff's damages, including by not limited to Plaintiff's non-economic loss, irrespective of the provisions of CPLR Section 1601, by reason of the fact that Defendant owed the plaintiff's decedent Scherrod Lee a non-delegable duty of care and/or by reason of the fact that said Defendants are vicariously liable for the negligent acts and omissions of their servants, agents, affiliated physicians, surgeons, nurses, and/or employees.

34. By reason of the above, Defendant is jointly and severally liable pursuant to exceptions set forth in Article 16 of the CPLR, specifically Section 1602(7) in that the Defendant acted with reckless disregard for the safety of others.

35. By reason of the foregoing, and as a proximate cause of the foregoing, plaintiff's decedent Scherrod Lee suffered serious personal injuries, conscious pain and suffering, great pain, agony, mental anguish, emotional distress, hospitalization, physical impairment, pecuniary damages, including, but not limited to, pulmonary embolism, chest pain, shortness of breath, pain an swelling in the lower extremities, cardiac arrest, brain injury, and numerous other injuries including death.

36. By reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, deceased, brings this action for

conscious pain and suffering, loss of enjoyment of life, and economic damages, both general and special, medical, hospital and related costs, and lost wages, and/or income, both past and future, in the amount of $10,000,000.00.

## AS AND FOR A FOURTH CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation of the first, second and third causes of action as if fully set forth herein.

38. At the time of plaintiff's decedent's death and prior thereto, plaintiffs Isaiah Lee and Kayla Nicole Lee were the natural children of decedent plaintiff Scherrod Lee.

39. By virtue of the aforesaid negligence, carelessness, recklessness; medical, hospital and related professional malpractice; and departures from good and accepted standards of care of the defendant, and/or by and through its agents, servants, employees, affiliated physicians, and those the defendant supervised, instructed, directed and/or ordered in the care, treatment, diagnosis, management , monitoring, evaluation, testing, advice and related services rendered or endeavored to be rendered to Scherrod Lee, plaintiffs Isaiah Lee and Kayla Nicole Lee have been deprived of Scherrod Lee's guidance, support, financial support, loss of inheritance, advice, love, services, companionship, friendship and affection.

40. By reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, deceased, brings this action on behalf of themselves for loss of guidance, support, financial support, advice, love, services, companionship, friendship and affection. both past and future, in the amount of $10,000,000.00.

## AS AND FOR A FIFTH CAUSE OF ACTION

10

41. Plaintiff repeats and realleges each and every allegation of the first, second, third and fourth causes of action.

42. That by reason of the aforesaid, negligence, carelessness, recklessness, medical, hospital and professional malpractice, and departures from good and accepted standards of care, of defendant United States of America, and by and through the VA Medical Centers, including those it ordered, directed, instructed and supervised in the care, treatment, diagnosis, management, evaluation, monitoring, and professional services rendered to and for Sherrod Lee, Scherrod Lee was caused to die on August 22, 2017.

43. That virtue of Scherrod Lee's death and wrongful death, his estate distributees suffered and will continue to suffer pecuniary loss, including but not limited to funeral and cemetery expenses, loss of financial support/earnings, loss of inheritance, loss of services, loss of support, loss of guidance and loss of love, guidance, solace, friendship, and affection.

44. That by reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, deceased, brings this action for wrongful death of plaintiff's decedent on behalf of the surviving distributees of plaintiff's decedent, who have suffered pecuniary injuries and loss and have been deprived of decedent's support, comfort, services, companionship, solace, guidance, understanding, advice, love, friendship, and affection, all to their damage in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction over this action.

45. By reason of the above, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the

Administrators of the Estate of Scherrod Lee, Deceased, brings this action for the wrongful death of plaintiff's decedent Scherrod Lee, and for damages, both general and special, in the amount of $10,000,000.00.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues that are so triable.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Isaiah Lee and Kayla Nicole Lee, as the Administrators of the Estate of Scherrod Lee, Deceased, and Isaiah Lee and Kayla Nicole Lee, Individually, demands judgment against defendant United States of America, on the First, Second, Third, Fourth, and Fifth Causes of Action in an amount totaling $10,000,000.00, plus interest and costs and attorneys' fees incurred in this civil litigation, together with such other and further relief at law or in equity that this Court deems just and proper.

Dated:      New York, New York
            November 13, 2019

                        Yours, etc.,
                        THE JACOB D. FUCHSBERG LAW FIRM, LLP

            By:     */s/ Eli A. Fuchsberg*
                    ELI A. FUCHSBERG, ESQ.
                    Attorneys for Plaintiffs
                    3 Park Avenue, Suite 3700
                    New York, NY 10016
                    (212) 869-3500

12

## <u>CERTIFICATE OF MERIT</u>

ELI A. FUCHSBERG, the undersigned, an attorney admitted to practice in the United States District Court, Eastern District of New York, states that he is an associate of The Jacob D. Fuchsberg Law Firm, attorneys for the Plaintiffs in the within action. I have reviewed the facts of this case and have consulted with at least one physician who is licensed to practice in this State or any other state and who I reasonably believe is knowledgeable in the relevant issues involved in this action, and I have concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this action.

Dated:      New York, New York
            November 13, 2019


                                        */s/ Eli A. Fuchsberg*
                                        ELI A. FUCHSBERG, ESQ.

## ATTORNEY'S VERIFICATION BY AFFIRMATION

ELI A. FUCHSBERG, an attorney duly admitted to practice before the United States District Court, Eastern District of New York, affirms the following to be true under the penalties of perjury:

I am an associate of The Jacob D. Fuchsberg Law Firm, LLP, attorneys of record for Plaintiffs.  I have read the annexed

### COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters, I believe them to be true.  My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason I make the foregoing affirmation instead of the Plaintiff is because the Plaintiff resides outside of the county wherein your Affirmant maintains offices.

Dated:          New York, New York
                November 13, 2019


                          */s/ Eli A. Fuchsberg*
                          ELI A. FUCHSBERG, ESQ.

14